# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILBERT CLARK<br>    LA. DOC #190355 | CIVIL ACTION NO. 6:14-cv-2326 |
| VS. | SECTION P |
| | JUDGE  HAIK |
| WARDEN DARREL VANNOY,<br>DIXON CORRECTIONS INSTITUTION | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the Court is the petition for writ of *habeas corpus* filed by *pro se* petitioner Wilbert Clark pursuant to 28 U.S.C. § 2254 on July 14, 2014.[1]  Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He is incarcerated at the Dixon Correctional Institution in Jackson, Louisiana.  Petitioner attacks his 2010 conviction for manslaughter, entered by the Fifteenth Judicial District Court for Lafayette Parish, Louisiana, for which he is serving a forty year sentence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

For the following reasons, **IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

---

[1]The petition was mailed on July 14, 2014. [*See* rec. doc. 1-3, pg. 1].  Accordingly, the Court has given petitioner the benefit of the "mail box" rule.

## <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On October 17, 2017, petitioner was indicted by the Lafayette Parish Grand Jury and  charged with first degree murder. On September 15, 2009, the indictment was amended to charge petitioner with second degree murder. [rec. doc. 1-2, pp. 16-18].   On February 2, 2010, petitioner pled guilty to manslaughter, and was sentenced to serve 40 years imprisonment. [rec. doc. 1-2, pp. 20-39].

Petitioner directly appealed to the Louisiana Third Circuit Court of Appeals. Court-appointed counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).[2]   On October 5, 2011, the Third Circuit affirmed petitioner's conviction, but determined that the lower court erred in sentencing petitioner without the benefit of parole. The Third Circuit therefore amended petitioner's sentence to delete the denial of parole eligibility and instructed the trial court to amend the minutes to reflect this change.  With regard to the *Anders* brief, the Third Circuit found as follows:

> Pursuant to *Anders* . . . we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Defendant was properly charged by bill of indictment, which was amended, and was present and represented by counsel at all crucial stages of the proceedings. Defendant entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, Defendant received a legal sentence, as amended. We have found no issues which would support an assignment of error on appeal. Therefore, Defendant's

---

[2] In *Anders*, *supra*, the Court held that when appointed appellate counsel has determined that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, he may file a brief establishing those facts and request permission of the court to withdraw from the case.

appellate counsel's motion to withdraw is granted.

*State of Louisiana  v. Wilbert Clark*, 2011-280, 72 So.3d 488, 2011 WL 4948937 (La. App. 3rd Cir. 10/5/2011).  Petitioner did not seek further direct review in the Louisiana Supreme Court. [rec. doc. 4, ¶9(g)].

On April 25, 2013, petitioner filed a *pro se* application for post-conviction relief in the Fifteenth Judicial District Court raising a single claim, namely, that the trial court erred in accepting petitioner's guilty plea without first resolving the issue of whether there existed a reasonable ground to doubt his mental capacity to proceed. [rec. doc. 1-2, pp. 40-56]. The application was denied by the trial court without comment on April 29, 2013. [rec. doc. 1-2, p. 57].

Petitioner's June 6, 2013 writ application [rec. doc. 1-2, pp. 58-67] was denied, with reasons, by the Third Circuit Court of Appeal on September 25, 2013. [rec. doc. 1-2, p. 68, *State v. Clark*, No. KH 13-KH-00659 (La. App. 3rd Cir. 2013)].  His October 22, 2013 writ application to the Louisiana Supreme Court [rec. doc. 1-2, pp. 69-80] was denied without comment on June 13, 2014. [rec. doc. 1-2, pg. 81, *State of Louisiana ex rel. Wilbert Clark v. State of Louisiana*, 2013-KH-2535, 140 So.3d 1183 (La. 6/13/2014).

Petitioner's undated federal  *habeas corpus* petition was mailed on July 14, 2014, and received and filed by the Clerk of this Court on July 16, 2014.  Petitioner raises the same claim which he raised in his state post-conviction proceeding.

3

## LAW AND ANALYSIS

### I. Federal One-Year Limitation Period

Title 28 U.S.C. § 2244(d)(1)(A) provides a one-year statute of limitations for the filing of federal petitions seeking *habeas corpus* relief by persons, such as petitioner, who are in custody pursuant to the judgment of a State court.  This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . . " 28 U.S.C. § 2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period (*see Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999) *citing Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)) and, of course, the limitations period is tolled only for as long as the state application remains "properly filed" and pending in the state courts.  *See Johnson v.*

---

[3] Nothing in the record suggests that any State created impediments prevented the filing of this petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.  Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. *See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D). Accordingly, these provisions are inapplicable.

4

*Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner directly appealed his conviction to the Louisiana Third Circuit Court of Appeals.  Notice of the Third Circuit's Judgment affirming petitioner's conviction and sentence as amended was rendered on October 5, 2011.  Therefore, under Louisiana Supreme Court Rule X, § 5(a), petitioner had 30 days following the Third Circuit's mailing of its Notice of Judgment[4], or until November 5, 2011, to apply for review in the Louisiana Supreme Court for further direct review.[5]  The record in this case clearly establishes that petitioner did not seek further review in the Louisiana Supreme Court. Accordingly, for purposes of the federal one-year limitation period, petitioner's judgment of conviction  "became final by . . . expiration of the time for seeking [further direct] review" under 28 U.S.C. § 2244(d)(1)(A) on November 5, 2011, when the 30 day period set forth in Louisiana Supreme Court Rule X, § 5(a) expired.  *See Butler v. Cain*, 533 F.3d 314, 317-318 (5th Cir. 2008).

Because petitioner's judgment of conviction became final for AEDPA purposes on November 5, 2011, he had one year, or until November 5, 2012 to file his federal *habeas corpus* petition.  The instant petition was not filed until, at the earliest, July 14, 2014.

---

[4] Absent evidence to the contrary, this court presumes that the Third Circuit Court of Appeal followed its own rules and mailed Notice of Judgment on the same date that the judgment was rendered. *See* Uniform Rules – Courts of Appeal, Rules 2-16.4, 2-17.1.

[5] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . . No extension of time therefor will be granted."

Petitioner cannot rely on the statutory tolling provision of § 2244(d)(2) because by the time he filed his application for post-conviction relief in the Fifteenth Judicial District Court on April 25, 2013, the AEDPA period of limitations had already expired and could not be revived even if his application was otherwise timely under Louisiana law.  *See Butler*, 533 F.3d at 318 (finding that because the federal one year limitation period had expired before the petitioner's state post-conviction application was filed "there was nothing to toll").

Thus, under § 2244(d)(1)(A), it is clear that the instant  petition is untimely.

## II. Equitable Tolling

Petitioner is also not entitled to equitable tolling.  The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  The Supreme Court, when assuming without deciding that equitable tolling is available, articulated that to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S.Ct. at 1085; *See also Pace*, 544 U.S. at 418.  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

6

The record does not support equitable tolling of the statute of limitations in the instant case.  The circumstances faced by petitioner were not extraordinary, rare or exceptional so as to provide a basis for equitable tolling.  Moreover, petitioner has not shown that he pursued his rights diligently.  Petitioner waited nearly one and one half years after his conviction became final, and after the federal one year limitation period had passed, before filing his collateral attack in the Louisiana state courts.   Accordingly, petitioner is  not eligible for equitable tolling.

For the reasons set forth above;

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either**

the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  *See* 28 U.S.C. § 2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana October 22, 2014

C. Michael Hill

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT
DATE:   10/22/14
BY:     cgg
TO:     RTH/pj

8